UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DERRICK RAY MARTIN,

    Plaintiff,

v.

JEFFREY CHARLES, *et al.*,

    Defendants.

Case No. 18-11037
Honorable Laurie J. Michelson

**ORDER DENYING PLAINTIFF'S MOTION TO AMEND [17]**

Derrick Ray Martin is an optician. (ECF No. 1, PageID.4.) Martin owned Rosedale Eyecare LLC in Grand River, Michigan. (*Id.*) Jeffery Charles is an officer with the 36th District Court. (*Id.*) According to Martin, in April 2017, Charles went to Rosedale Eyecare to collect a debt from Martin. (*Id.*) Martin declined to pay; Charles continued to press Martin. (*Id.*) Eventually, Charles set in motion a chain of events ending in Rosedale Eyecare's closure, the seizure of Martin's car, and Martin's arrest. (*Id.* at PageID.5–6.) Martin spent two nights in jail but was never charged. (*Id.* at PageID.6.)

Not long after his release, Martin filed suit. (ECF. No. 1.) He brought state and federal claims against Charles and the Detroit Police Officer who arrested him. (ECF No. 1, PageID.6–10.) And now he seeks leave to amend, hoping to clarify his federal claims against Charles.

Federal Rule of Civil Procedure 15 governs amendment of pleadings. Rule 15 says "when justice so requires," leave to amend a complaint should be "freely" granted. Fed. R. Civ. P. 15. Usually, parties amend to add new claims or new facts. *See Martin v. Trott Law, P.C.*, 198 F. Supp. 3d 794, 813 (E.D. Mich. 2016).

Martin wants to amend his complaint to make his existing state-law claims clearer. (ECF No. 17, PageID.95.) Martin believes Charles is liable because Charles set into motion the events culminating in Martin spending two nights in a Detroit jail. (*Id.*) So Martin wants to clarify that his state-law, false-imprisonment claim is based on a theory of "instigator liability." (*Id.*)

Charles opposes the request. (ECF No. 20.) He says it is too late to amend. (ECF No. 20, PageID.141.) And in any event, "there can be 'no instigator liability' for a 'false arrest' or 'false imprisonment' or any other 4th or 14th Amendment violation where 'probable cause' exists for the arrest." (*Id.* at PageID.145–147.) So Martin's motion to amend should be denied as futile.

Although Martin does not explain instigator liability, it does appear that it is one way to bring a false imprisonment claim. *See* Restatement (Second) of Torts, § 45A, comment (b) (1971) (explaining that an instigator of a false arrest may be held liable for false imprisonment). But Martin already pleads a false imprisonment claim. (ECF No. 1, PageID.9.) So his motion to amend adds nothing new. Indeed, the proposed amended complaint, attached to Martin's motion, does not add any new counts. (ECF No. 17-3.) Also, Defendant is already on notice that Plaintiff's false imprisonment claim may include an argument about instigator liability. Therefore, the Court DENIES Martin's motion to amend. (ECF No. 17.)

SO ORDERED.

s/Laurie J. Michelson
LAURIE J. MICHELSON
UNITED STATES DISTRICT JUDGE

Date: April 12, 2019

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing document was served on the attorneys and/or parties of record by electronic means or U.S. Mail on April 12, 2019.

s/William Barkholz
Case Manager to
Honorable Laurie J. Michelson