UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DERRICK RAY MARTIN and
ROSEDALE EYECARE, LLC,

    Plaintiffs,

v.

JEFFREY CHARLES and
LAWRENCE MCLEMORE,

    Defendants.

Case No. 18-11037
Honorable Laurie J. Michelson

---

**OPINION AND ORDER DENYING DEFENDANT'S MOTION TO DISMISS AND FOR SUMMARY JUDGMENT [22]**

---

Jeffery Charles, a court-appointed bailiff, came to Derrick Ray Martin's place of work with a court document indicating that Martin or Martin's optical company, Rosedale Eyecare, LLC, owed over $10,000. Martin came to believe this was a scam and so did not agree to pay the debt. Eventually, says Martin, Charles abused his position as a bailiff attempting to collect on the debt to the point of having a police officer, Lawrence McLemore, arrest him. So Martin sued both Charles and McLemore.

Martin's complaint explains in more detail what transpired in April 2017. Martin was working at his optical company when Charles arrived at his office. (ECF No. 1, PageID.4.) Charles confronted Martin with a court order stating that he owed $11,544. (*Id.*) After Martin responded that he would try to arrange a future payment, Charles left the office. (*Id.*) Charles thereafter called Martin, who refused to pay and contended that the bailiff was trying to scam him. (*Id.*) Later in the month, Charles returned to the optical office and Martin again refused to make any payment.

(ECF No. 1, PageID.5.) Subsequently, Charles had Martin's car towed, changed the locks on his office, and put up a sign that stated, "Closed by 36th District Court." (*Id.*)

The day after being locked out of his business, Martin had new locks installed so that he could reenter the building. (*Id.*) Charles eventually got wind of this and called the police to come to Martin's office. (*Id.*) Officer Lawrence McLemore arrived and spoke with Martin and then arrested him. (ECF No. 1, PageID.6.) Martin spent two nights in jail and was released without being charged. (*Id.*)

Martin's suit asserts two violations of 42 U.S.C. § 1983 as well as four claims under state law. (ECF No. 1, PageID.6–10.) In his two federal claims, Martin alleges that Charles and McLemore violated the Fourth Amendment by using unreasonable force and conducting unreasonable seizures without a warrant or probable cause. (ECF No. 1, PageID.6–8.) Charles now moves for summary judgment on all claims. (ECF No. 22.)

Charles asserts that he is protected from suit by quasi-judicial immunity because he was a court-appointed bailiff "acting pursuant to a facially valid court order." (ECF No. 22, PageID.170.) The court order he relies on is a "Request and Order to Seize Property," which was signed by a 36th District Court judge and dated February 16, 2017. (ECF No. 22-2, PageID.187.) The order arises out a lawsuit by U.S. Optical Company against Martin and Rosedale Eyecare, LLC in which U.S. Optical obtained a judgment in April 2015 in the amount of $11,544.35. (*Id.*) The order explicitly directs an "authorized court officer" to seize the non-exempt personal property of Martin and the optical company to satisfy the remainder of the judgment owing in the amount of $9,507 (*Id.*) The order further states: "Personal property may include, but is not limited to motor vehicles or money, wherever located. If sufficient personal property of defendant(s) cannot be found within

2

your jurisdiction, seize and sell any of the real property of defendant(s) not exempt from seizure . . . ." (*Id.*) Charles is the court officer authorized to the serve the order. (*Id.*)

As the Supreme Court has explained, judges are absolutely immune from damages suits for their "judicial acts" as long as they have not acted in the "clear absence of all jurisdiction." *Stump v. Sparkman*, 435 U.S. 349, 356–57 (1978). Because immunity is based on the action rather than the person, *see Forrester v. White*, 484 U.S. 219, 227 (1988), individuals other than judges also may be entitled to judicial immunity. "When judicial immunity is extended to officials other than judges, it is because their judgments are 'functionally comparable' to those of judges." *Antoine v. Byers & Anderson*, 508 U.S. 429, 436 (1993) (alterations omitted) (quoting *Imbler v. Pachtman*, 424 U.S. 409, 423 n.20 (1976)). Absolute immunity remains "the exception rather than the rule." *Spurlock v. Satterfield*, 167 F.3d 995, 1003 (6th Cir. 1999). Moreover, the party that asserts absolute immunity has the burden of demonstrating that he is entitled to the protection. *See Dean v. Byerley*, 354 F.3d 540, 555 (6th Cir. 2004) (citing *Harlow v. Fitzgerald*, 457 U.S. 800, 812 (1982)); *see also Schneider v. Cty. of Will*, 366 F. App'x 683, 685 (7th Cir. 2010) ("[C]ourts regularly require nonjudicial actors invoking the doctrine to demonstrate that their acts were directly and explicitly ordered by a judge.").

"Law enforcement officers are entitled to absolute immunity as long as they are able to show that they were performing a quasi-judicial function." *Cooper v. Parrish*, 203 F.3d 937, 950 (6th Cir. 2000) (citing *Bush v. Rauch*, 38 F.3d 842, 847 (6th Cir. 1994)). Enforcement of a court order is a prototypical quasi-judicial function. *See, e.g.*, *Bush*, 38 F.3d at 847; *Valdez v. City & Cty. of Denver*, 878 F.2d 1285, 1288 (10th Cir. 1989); *Tymiak v. Omodt*, 676 F.2d 306, 308 (8th Cir. 1982). For instance, the Sixth Circuit held that a court clerk was immune from liability for

issuing an arrest warrant, albeit in error, because he did so at the direction of a judge. *See Foster v. Walsh*, 864 F.2d 416, 417–18 (6th Cir. 1988).

Whereas quasi-judicial immunity covers acts ordered by a judge, however, it does not necessarily protect the manner in which an individual carries out that order. In other words, "cases . . . distinguish a court officer's carrying out a facially valid judge's order (immune), from the situation where an order is carried out in manner not authorized by the order itself." *Arnold v. County of El Dorado*, No. S-10-3119, 2011 U.S. Dist. LEXIS 26475, *14, *adopted by* 2011 U.S. Dist. LEXIS 103866 (E.D. Cal., Sept. 12, 2011). Consider the case of *Evans v. McKay*, 869 F.2d 1341, 1343 (9th Cir. 1989), in which a tribal court had ordered police officers to seize cigarettes that were being sold illegally. When the police first arrived, the suspected seller did not comply with the court order. *See id.* at 1344. The police returned four days later, but the woman and her son refused to hand over the contraband. *See id.* After both individuals were arrested for interfering with the police in the performance of their duties, they filed suit against the officers under § 1983 and other causes of action. *See id.* at 1343–44. The Ninth Circuit held that the officers were not entitled to quasi-judicial immunity for the act of arresting the individuals because the judicial order only authorized the seizure of the cigarettes and not the arrests. *See id.* at 1348 n.8.

Another illustrative case is *Richman v. Sheahan*, 270 F.3d 430, 433 (7th Cir. 2001), in which a judge ordered an individual in his courtroom to be restrained. The man died after several deputies pinned him down, and his mother sued the officers under section 1983. *See id.* at 433–34. Since the purported offense related to the unreasonable force used by the officers to carry out the judge's order—and not the judge's order itself—the court reasoned that the deputies were not performing a quasi-judicial function at the time. *See id.* at 437–38. Thus, the deputies were not entitled to quasi-judicial immunity. *See id.* at 439; *see also Martin v. Bd. of Cty. Comm'rs*, 909

F.2d 402, 405 (10th Cir. 1990) ("Insofar as defendants exceeded legal bounds in executing the warrant for arrest, defendants have *a fortiori* violated the very judicial order under which they seek the shelter of absolute immunity.").

Here, the Court must consider the connection between the seizure order and the conduct of the bailiff. Charles visited the optical company at least three times. During the first encounter, Charles attempted to enforce the court order against Martin, which was a quintessential quasi-judicial act. *See Bush*, 38 F.3d at 847; *Valdez*, 878 F.2d at 1288. After the second encounter, during which Martin reiterated that he would not cooperate with the debt collection, Charles effected a seizure of both the business and Martin's car. Again, those acts apparently were pursuant to a court order and thus insulated by absolute immunity. *See Bush*, 38 F.3d at 847; *Valdez*, 878 F.2d at 1290.

But that was not the end of the story. Charles later came back for a third visit and, according to the complaint, arrested Martin with the assistance of police. The court order to seize property did not authorize this arrest. Nor, obviously, did the order direct an unreasonable seizure or excessive force. So while quasi-judicial immunity covers the property seizure actions that were directed by a judge, Charles is not immune from damages stemming from the unauthorized arrest of Martin.

Finally, Charles' motion briefly argues that the lawsuit should be dismissed under Federal Rule of Civil Procedure 12(b)(6) because Martin did not "plead in avoidance of immunity." (ECF No. 22, PageID.174.) The Court is unpersuaded. As official immunity is an affirmative defense, *see Brent v. Wayne Cty. Dep't of Human Servs.*, 901 F.3d 656, 680 (6th Cir. 2018), Martin had no obligation to plead the absence of immunity in his complaint, *see Gomez v. Toledo*, 446 U.S. 635, 640 (1980). And, in any event, taking as true the factual allegations of the complaint, Martin has plausibly pled the violation of a clearly established constitutional right.

That leaves Martin's state-law claims. Defendants do not explicitly assert that immunity bars Martin's four claims under state law. And as described above, quasi-judicial immunity does not extend to all the conduct alleged by Martin related to his claims under federal law. So it might also be the case that immunity does not bar all of Martin's state-law claims. In any event, it is not the Court's job to be the first to dive into that issue. *See McGrew v. Duncan*, No. 18-2022, 2019 WL 4180465, at *2 (6th Cir. Sept. 4, 2019) ("A party may not present a skeletal argument, leaving the court to put flesh on its bones." (internal quotation marks omitted)).

Therefore, Charles's motion to dismiss and for summary judgment is DENIED. As a result, Plaintiffs' motion to amend the complaint to more fully plead avoidance of immunity is DENIED AS MOOT.

IT IS SO ORDERED.

Dated: September 18, 2019

s/Laurie J. Michelson
LAURIE J. MICHELSON
UNITED STATES DISTRICT JUDGE

**CERTIFICATE OF SERVICE**

The undersigned certifies that a copy of the foregoing document was served on the attorneys and/or parties of record by electronic means or U.S. Mail on September 18, 2019.

s/Erica Karhoff
Case Manager to
Honorable Laurie J. Michelson